UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA ROGAN & MICHAEL ROGAN<br>　　Plaintiffs,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, L.P.<br>　　Defendant | ) CIVIL ACTION<br>)<br>) COMPLAINT<br>)<br>) JURY TRIAL<br>) CLAIMED<br>)<br>) FEBRUARY 24, 2011 |

### COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* and also includes a claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff Donna Rogan is a consumer residing in Berlin, Connecticut.

3. Plaintiff Michael Rogan is a consumer residing in Berlin, Connecticut and is the husband of Donna Rogan.

4. Defendant, Capital Management Services, L.P. ("Capital Management"), is a Foreign Limited Partnership engaged in the practice of debt collection in Connecticut and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Capital Management because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, as the Plaintiffs are residents and the acts complained of occurred in this state.

8. Citibank claimed debt against Plaintiff Donna Rogan that was assigned to Capital Management for collection purposes (the "Debt").

9. On or around October 25, 2010, a Capital Management representative called Plaintiffs' home in an attempt to collect the Debt and left a message which failed to state that it was a communication from a debt collector.

10. On or around October 27, 2010, a Capital Management representative called Plaintiff Donna Rogan's cell phone without permission and with the use of an automatic dialer and/or pre-recorded voice in an attempt to collect the Debt.

11. On or around November 4, 2010, a Capital Management representative called Plaintiff Donna Rogan's cell phone without permission and with the use of an automatic dialer and/or pre-recorded voice in an attempt to collect the Debt.

12. On or around the end of November 22, 2010, a Capital Management representative called Plaintiff Michael Rogan's brother's home and left a message in an attempt to collect the Debt; while that message was being left on the answering machine, Plaintiff Michael Rogan's nephew picked up the phone and spoke with a Capital Management representative, and during that conversation, the representative told him that he was trying the reach Plaintiff Donna Rogan regarding a debt.

13. On or around December 1, 2010, a Capital Management representative called Plaintiffs' home in an attempt to collect the Debt and left a message with failed to state that it was a communication from a debt collector.

14. Plaintiff Michael Rogan's brother and sister-in-law heard the message and about the conversation described in Paragraph 12, and this alerted Plaintiff Michael Rogan's extended family about Plaintiffs' financial issues, and this caused shame and embarrassment to Plaintiffs.

15. On December 21, 2010 at around 5:52 P.M., a Capital Management representative named Dino called Plaintiff Donna Rogan's cell phone without permission and with the use of an automatic dialer in an attempt to collect the Debt, and Dino left a message that failed to state that it was a communication from a debt collector.

16. On December 22, 2010 at around 1:06 P.M., a Capital Management representative named Theresa Jordan called Plaintiff Donna Rogan's cell phone without permission and with the use of an automatic dialer in an attempt to collect the Debt, and she left a message that failed to state that the communication was from a debt collector.

17. On or around December 29, 2010 at around 5:36 P.M., a Capital Management representative named Rachel called Plaintiff Donna Rogan's cell phone without permission and with the use of an automatic dialer in an attempt to collect the Debt, and she left a message that failed to state that it was a communication from a debt collector.

18. On or around January 12, 2011, Capital Management called Plaintiffs' home in an attempt to collect the Debt and left an automated message stating that it was a

communication from a debt collector attempting to collect a debt; that message was overheard by Plaintiffs' two children.

19. On January 21, 2011, in an attempt to collect the Debt, a Capital Management representative referring to himself as James called and left a message on Plaintiffs' home phone that failed to state that it was a communication from a debt collector.

20. On January 21, 2011, A Capital Management representative referring to himself as James called Plaintiff Donna Rogan's cell phone without permission and with the use of an automatic dialer in an attempt to collect the Debt, and he left a message that failed to state that it was a communication from a debt collector.

21. On January 24, 2011, A Capital Management representative referring to herself as Rachel called Plaintiff Donna Rogan's cell phone without permission and with the use of an automatic dialer in an attempt to collect the Debt, and she left a message that failed to state that it was a communication from a debt collector.

22. In an attempt to collect the Debt, a Capital Management representative referring to himself as Tristan called Plaintiffs' home and left a message on January 31, 2011 and on February 1, 2011; neither of those two messages stated that it was a communication from a debt collector.

23. In an attempt to collect the Debt, Tristan also called Plaintiff Donna Rogan's cell phone without permission on January 29, 2011, and he called her cell phone without permission on January 31, 2011 and left a message that failed to state that it was a communication from a debt collector; those calls were also made with the use of an automatic dialer.

24. On February 3, 2011 Capital Management called Plaintiffs' home in an attempt to collect the Debt and left a message that failed to state it was a communication from a debt collector.

25. On February 4, 2011 Capital Management called Plaintiffs' home and left a message stating that it was a debt collector attempting to collect a debt; Plaintiffs' children heard that message.

26. On February 9, 2011, a Capital Management representative named Roberto called Plaintiffs' home in an attempt to collect the Debt and left a message that failed to state it was a communication from a debt collector.

27. On February 9, 2011 and again on February 16, 2011, Capital Management called Plaintiffs' home in an attempt to collect the Debt and left an automated message stating that it was a communication from a debt collector attempting to collect a debt; both of those messages were overheard by Plaintiffs' two children.

28. Capital Management violated the FDCPA and CUTPA by its impermissible contacts with third parties and by leaving messages for Plaintiffs that failed to state that it was a debt collector or was attempting to collect a debt, and Capital Management violated the TCPA and CUTPA by calling Plaintiff Donna Rogan's cell phone without permission.

WHEREFORE, the Plaintiffs seek recovery of actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; damages under 47 U.S.C. 227(b)(3); and such other relief as this Court deems appropriate.

**PLAINTIFFS, DONNA ROGAN & MICHAEL ROGAN**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457